## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| OFF LEASE ONLY LLC, | ) Case No. 23- 11388 (CTG) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| OFF LEASE ONLY PARENT LLC, | ) Case No. 23- 11387 (CTG) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| COLO REAL ESTATE HOLDINGS LLC, | ) Case No. 23- 11389 (CTG) |
| Debtor. | ) |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Off Lease Only LLC, Off Lease Only Parent LLC, and Colo Real Estate Holdings LLC, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases. In support of this motion (the "Motion"), the Debtors rely upon and incorporate by reference the *Declaration of Leland*

*Wilson in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[1]

filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state

as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order

by the Court in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Motion are section 105(a) of the

Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

## BACKGROUND

5.      On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11

cases (the "Chapter 11 Cases") by filing voluntary petitions for relief pursuant to chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code").

6.      The Debtors continue to manage and operate their business as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

7.      As of the date hereof, no trustee, examiner, or official committee has been appointed in the Chapter 11 Cases.

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the filing of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and are incorporated by reference herein.

## **RELIEF REQUESTED**

9.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) directing procedural consolidation and joint administration of these Chapter 11 Cases, (ii) directing parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of *Off Lease Only LLC, et al*., and (iii) granting related relief.

10.      More specifically, the Debtors request that a singular file and singular docket be maintained for all of the jointly administered cases in the case of Off Lease Only LLC and that the cases be administered with the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) | Case No. 23-11388 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

11.     The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

12.     In addition, the Debtors request that a docket entry, substantially similar to the following, be made on the docket of each of the Debtors' Chapter 11 Cases to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of Off Lease Only LLC, Case No. 23-11388 (CTG), Off Lease Only Parent LLC, Case No. 23-11387 (CTG), and Colo Real Estate Holdings LLC, Case No. 23-11389 (CTG). **The docket in the chapter 11 case of Off Lease Only LLC, Case No. 23- 11388 (CTG) should be consulted for all matters affecting these cases.**

## BASIS FOR RELIEF

13.     Bankruptcy Rule 1015(b) provides, in pertinent part, that, "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."   Fed. R. Bankr. P. 1015. Section 101(2) of the Bankruptcy Code, defines the term "affiliate," in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. § 101(2).

4

14.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

15.     As set forth in the First Day Declaration, each of the Debtors filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code. Debtors Off Lease Only LLC and Colo Real Estate Holdings LLC are direct or indirect wholly-owned subsidiaries of Debtor Off Lease Only Parent LLC. As such, each of the Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' cases is appropriate pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

16.     Joint administration will permit the Clerk of the Court to utilize a single docket for all of the Chapter 11 Cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases. The Debtors anticipate that almost all of the papers, hearings, and orders in these cases will relate to all of the Debtors.

17.     Because there will likely be numerous motions, applications, and other pleadings filed in the Chapter 11 Cases that will affect the Debtors, joint administration will permit counsel

for all parties-in-interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in the Chapter 11 Cases.

18.    Joint administration will also enable parties-in-interest in both of the Debtors' cases to stay apprised of all the various matters before the Court with greater ease and efficiency. Moreover, the entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings.

19.    Finally, joint administration will not adversely affect the rights of the respective creditors and stakeholders of each of the Debtors because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

20.    Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest and, therefore, should be granted.

## <u>NOTICE</u>

21.    The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Securities and Exchange Commission; (d) the United States Department of Justice; (e) the office of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) Cerberus Off Lease Only LLC; (i) Spirit Realty, L.P.; (j) Ally Bank; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two (2) business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion

6

as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

22.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

## **CONCLUSION**

**WHEREFORE** the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 7, 2023                    Respectfully submitted,
         Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones, Esq.  (DE Bar No. 2436)
James E. O'Neill, Esq. (DE Bar No. 4042)
Colin R. Robinson, Esq. (DE Bar No. 5524)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  ljones@pszjlaw.com
           joneill@pszjlaw.com
           crobinson@pszjlaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

Brian S. Rosen, Esq. (*pro hac vice* pending)
Megan R. Volin, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile:  (212) 969-2900
Email:  brosen@proskauer.com
       mvolin@proskauer.com

-and-

Ashley M. Weringa, Esq. (*pro hac vice* pending)
Christian J. Palacios, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email:  aweringa@proskauer.com
       cpalacios@proskauer.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OFF LEASE ONLY LLC, | ) | Case No. 23- 11387 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OFF LEASE ONLY PARENT LLC, | ) | Case No. 23-11388 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COLO REAL ESTATE HOLDINGS LLC, | ) | Case No. 23- 11389 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**ORDER DIRECTING THE JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Upon the *Motion of the Debtors for Entry of an Order Directing the Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered as Case No. 23-11388 (CTG) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3.      The consolidated caption of the jointly administered cases shall read as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | Case No. 23-11388 (CTG) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

4.       The foregoing consolidated caption shall be deemed to satisfy any applicable requirements of section 341(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1005.

5.       A docket entry, substantially similar to the following, shall be entered on the docket in the Chapter 11 Case of each of the Debtors, substantially stating as follows:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of Off Lease Only LLC, Case No. 23-11388 (CTG), Off Lease Only Parent LLC, Case No. 23-11387 (CTG), and Colo Real Estate Holdings LLC, Case No. 23-11389 (CTG).  **The docket in the chapter 11 case of Off Lease Only LLC, Case No. 23- 11388 (CTG) should be consulted for all matters affecting these cases.**

6.       The Clerk of the Court shall maintain one (1) file and one (1) docket for the Debtors' Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of Off Lease Only LLC, Case No. 23-11388 (CTG).

7.       Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

3

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DOCS_DE:244639.1 62901/001